Corrine S. WILLIAMS, Plaintiff–Appellant,

v.

State of MICHIGAN; Michigan Department of Civil Service Commission; Michigan Family Independence Agency; Michigan Department of Affirmative Action and Equal Employment Opportunities; Jana Bachman, Office of Labor Relations Representative; Longino Gonzales, Saginaw County Section Manager; Susan B. Breen, Saginaw County Section Manager; John L. Johnson, County Section Manager; Michigan Department of Consumer and Industry Services, Bureau of Workers' Disability Compensation; Accident Fund Company; United Automobile Workers Human Resource Unit Region 1D Local 6000; Celia Ontiveros, Chief Union Steward, Defendants–Appellees.

No. 02–1710.

United States Court of Appeals, Sixth Circuit.

Dec. 9, 2002.

Before RYAN, CLAY, and GIBBONS, Circuit Judges.

*ORDER*

Corrine S. Williams, a Michigan citizen, appeals pro se a district court order dismissing a complaint she filed raising claims of employment discrimination, civil rights violations, state law torts and a challenge to the denial of worker's compensation payments. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Williams filed a lengthy complaint with multiple exhibits, naming as defendants the state of Michigan, the Civil Service Commission, the Michigan Family Independence Agency (her employer), several individual supervisors, the Accident Fund Company, a union and a union steward. According to the complaint, Williams has been employed by the Family Independence Agency since 1977, currently working as a manager. In 1999, she filed a grievance alleging that her supervisor was having an affair with another employee, which was having a negative effect on the office environment. Thereafter, she alleged that she began to experience retaliation, including having her discipline of employees questioned, experiencing delays in having her requests for equipment filled, being denied access to training and the opportunity to apply for promotions, receiving a negative reference when she applied for a transfer, having employees removed from her supervision, and finally, in December 2000, being transferred from the Saginaw County office to the Genesee County office, increasing her commute time. She had filed a grievance over these matters, but did not pursue it through all levels of review available. She asserted that the union steward had defamed her during a grievance hearing, the Accident Fund Company had failed to pay her

worker's compensation claim, the Civil Service Commission had denied her due process, and her employer and supervisors had discriminated against her on the basis of sex, race, age, and disability, and had violated her rights under the state and federal constitutions and various statutes. Other than stating that she was an African–American female over the age of forty with diabetes, she alleged no facts in support of her claims of employment discrimination. All defendants filed motions to dismiss or for summary judgment, to which Williams responded. A magistrate judge recommended that the defendants' motions be granted. Williams filed objections to the recommendation. The district court adopted the recommendation, dismissing the employment discrimination and state law claims without prejudice, and the other federal claims with prejudice. Williams appealed, reasserting the claims she raised below.

Upon consideration, we conclude that the dismissal of this complaint must be affirmed for the reasons stated by the district court. Initially, the district court properly pointed out that Williams could not file a complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, or the Americans with Disabilities Act, because she had not filed a charge with the EEOC and received a notice of right to sue. *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir.1989). Moreover, Williams cannot hold individual supervisors and agents liable for employment discrimination. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404–05 (6th Cir.1997).

The district court also found the constitutional claims against the employer and supervisors to be without support in the record. The allegation of a denial of due process did not state a claim because Williams identified no liberty or property interest of which she was deprived, and apparently received all the process she was due. Her claims of violations of the Eighth and Thirteenth Amendments were frivolous. Having dismissed all the federal claims stated against her employer and supervisors, the district court did not abuse its discretion in dismissing without prejudice her state law claims against these defendants. *Brandenburg v. Hous. Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir.2001).

The district court dismissed the complaint as to the Accident Fund Company for lack of subject matter jurisdiction, which is reviewed de novo by this court. *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir.2002). Because Williams challenged only a decision to deny her claim for worker's compensation benefits, the district court correctly found that it lacked jurisdiction over this defendant. *See Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1118–19 (5th Cir.1998) (worker's compensation claims may not be removed to federal court).

The complaint alleged that the Civil Service Commission had denied Williams due process during her grievance proceedings. The magistrate judge concluded that no due process violation was stated. Williams failed to object to this conclusion in her objections to the magistrate judge's report, thus waiving her right to appeal the dismissal of this defendant. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir.1991). Her complaint against the union and union steward alleged that she had been defamed by the steward during a grievance hearing. These defendants argued that no defamation claim could be stated because statements during a grievance hearing are absolutely privileged. The response to this argument by Williams was typical of her responses to the other motions to dismiss, her objections to the magistrate

judge's report, and her brief before this court. She disagrees that she has failed to state a claim on any of the issues raised. However, legal conclusions and opinions are not entitled to a presumption of correctness. *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995). Without any citation to authority, her disagreement with the district court decision is not persuasive.

For all of the above reasons, the district court's dismissal of this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.