RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0173P (6th Cir.)
File Name: 03a0173p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————————

FRANCIS SPADAFORE and
CAROL SPADAFORE,
*Plaintiffs-Appellants,*

*v.*

CHET GARDNER et al.,
*Defendants-Appellees.*

No. 01-2087

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 00-70116—George E. Woods, District Judge.

Argued: May 9, 2003

Decided and Filed: June 3, 2003

Before: KENNEDY, SILER, and GILMAN, Circuit
Judges.

————————————

**COUNSEL**

**ARGUED:** Harvey Chayet, HARVEY CHAYET, P.L.L.C,
Southfield, Michigan, for Appellants. Sharon D. Blackmon,
CITY OF DETROIT LAW DEPARTMENT, Detroit,
Michigan, for Appellees. **ON BRIEF:** Harvey Chayet,
HARVEY CHAYET, P.L.L.C, Southfield, Michigan, for

Appellants. Sharon D. Blackmon, CITY OF DETROIT LAW
DEPARTMENT, Detroit, Michigan, for Appellees.

————————————

**OPINION**

————————————

RONALD LEE GILMAN, Circuit Judge. This action, filed
by Francis Spadafore and his wife, Carol Spadafore, stems
from an incident just outside their home in Detroit where
gunshots were fired at Francis Spadafore by two Detroit
police officers. The Spadafores sued a total of nine officers
in their individual capacities for violations of both state and
federal law, alleging in part that the officers had acted in
concert to cover up their wrongful acts. After granting
summary judgment that dismissed all of the Spadafores'
federal claims, the district court remanded the case to state
court for disposition of the state-law claims. For the reasons
set forth below, we **AFFIRM** the judgment of the district
court.

## I.  BACKGROUND

Francis Spadafore called the Detroit Police Department on
September 27, 1997 to report gunshots at his neighbor's home
on Longacre Road. Officers Lori Dillon and Chet Gardner
responded to the call. They were backed up by officers Ivan
Belew, Eric Brown, Stan Brown, Timothy McCabe, Arthur
Robinson, and John Woods. Disappointed with the lack of
action taken by the officers who responded to the scene,
Spadafore informed them, in an admittedly
"uncomplimentary" fashion, that he was going to their 6th
Precinct headquarters to lodge a complaint.

Because his driveway was blocked by a police car,
Spadafore drove his van across his own lawn and onto
Longacre Road. Spadafore continued down Longacre toward
where Gardner was standing next to his cruiser. Gardner
claims that he ordered Spadafore to stop, and that he opened
fire on the van only after Spadafore failed to do so. At the

same time, Eric Brown fired shots at the vehicle from the rear. Brown and Gardner both concede that these shots were fired with the intent to stop Spadafore and his van. One of the bullets shattered the van's windshield, causing injuries to Spadafore. Spadafore claims that he did not recognize Gardner as a police officer and, because he feared that he might have been shot at by the individual whom he had originally reported to the police, he drove directly to the police precinct without stopping. As Spadafore drove past Gardner, the left side of Spadafore's van grazed Gardner and knocked him down.

Upon arriving at the 6th Precinct, Spadafore was arrested for assault with intent to commit murder for striking Gardner with his van. The state trial court originally dismissed the charges against Spadafore, following which Spadafore and his wife filed the instant action in Wayne County Circuit Court. On appeal, however, the trial court's decision was reversed and the criminal case remanded for trial. The Spadafores' civil claim against the officers was thereupon stayed pending the resolution of the criminal proceedings. Following a bench trial, Spadafore was found not guilty of assault with intent to commit murder. The Spadafores then amended their civil complaint to add additional defendants, including the City of Detroit, and new claims, including a conspiracy claim presumptively based upon 42 U.S.C. § 1983.

In their amended complaint, the Spadafores focused primarily on Francis Spadafore's arrest and trial, including state-law claims for assault and battery, false arrest, malicious prosecution, and abuse of process. Because the Spadafores also added claims under § 1983, the defendants removed the case to federal court. The defendants subsequently filed a motion for summary judgment. Without holding a hearing, the district court granted summary judgment to the defendants on the Spadafores' § 1983 claims and remanded the case to state court for consideration of the state-law claims. The Spadafores now appeal from the district court's grant of summary judgment in favor of the individual defendants.

## II.   ANALYSIS

### A.   Standard of review

We review a district court's grant of summary judgment de novo. *Sperle v. Michigan Dept. of Corr.*, 297 F.3d 483, 490 (6th Cir. 2002). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering such a motion, the court construes all reasonable factual inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### B.   The Spadafores' complaint

A significant issue on appeal concerns the adequacy of the pleadings and what claims were actually presented by the Spadafores in their complaint. As the district court noted, despite being represented by counsel, the Spadafores' amended complaint is "not a model of clarity." In their motion for summary judgment, the individual defendants maintained that the Spadafores failed to allege any § 1983 violation as to the individual officers, and in the alternative argued that any such claims are barred by the statute of limitations. The Spadafores responded by contending that they did in fact plead § 1983 claims against the individual defendants, but they did not provide any detail. After interpreting the Spadafores' complaint as alleging a § 1983 conspiracy against the individual defendants, the district court dismissed this claim on the ground that it was not supported by the record. What § 1983 violations the Spadafores are pursuing on appeal remains unclear.

To state a cause of action under § 1983, a plaintiff must allege the deprivation of a right secured by the United States Constitution or a federal statute by a person who was acting

under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-157 (1978). The defendants correctly point out that nowhere in the complaint is § 1983 specifically invoked against the individual defendants. Section 1983 is explicitly mentioned only in paragraph 32 of the complaint, where the Spadafores allege "[t]hat in violation of 42 U.S.C. § 1983, pursuant to the due process clause of the Fourteenth Amendment, Defendant City of Detroit" had in place policies that resulted in the violation of the Spadafores' constitutional rights. Given the clarity with which the Spadafores pled their § 1983 claim against the City of Detroit (which is not on appeal before this court), it is puzzling that they were not equally clear in invoking § 1983 as a basis for their claims against the individual defendants.

A split among the courts exists regarding whether the failure to specifically invoke § 1983 in the pleadings is fatal to the action. *Compare Eastridge v. Rhode Island College*, 996 F. Supp. 161, 168 (D. R.I. 1998) (holding that a plaintiff's failure to invoke § 1983 is fatal to the claim because the constitutional provision that was allegedly violated does not itself create a means for recovery for a violation of that provision), *with Williams v. Michigan*, No. 01-10131-BC, 2002 WL 1041334, at *2 (E.D. Mich. Apr. 29, 2002) (allowing the claim to proceed despite the plaintiff's failure to specifically invoke § 1983 because that statute clearly provides the only means for vindicating the constitutional rights allegedly violated), *aff'd*, 52 Fed. Appx. 723, 2002 WL 31780196 (6th Cir. Dec. 9, 2002).

The defendants in the present case did not file a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the action based on the pleadings, but rather waited until summary judgment to attack the sufficiency of the complaint. Accordingly, we are not limited on appeal to the "formal issues framed by the pleadings," but rather "must consider the issues presented by the other material offered by the parties on the motion . . . ." *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 348 (6th Cir. 2001). The question of whether the pleadings were fatally insufficient is thus no

longer the correct inquiry. We must instead determine whether the Spadafores have stated a claim under Rule 56(c) of the Federal Rules of Civil Procedure. *Id.* "[The] question is . . . whether a constitutional violation occurred." *Id.* (internal quotation marks omitted).

Regarding the individual defendants, the only mention of a constitutional violation is found in paragraph 28 of the complaint, which states that "[t]he defendants acted individually and in joint concert with one another and at all times relevant hereto, the defendants . . . conspired to violate the constitutional rights to be free from egregious and intentional misconduct by government employees, in violation of the Michigan and U.S. Constitution." From the language of the complaint, one cannot ascertain which substantive constitutional rights were allegedly violated. Nor was this clarified in the Spadafores' response to the defendants' motion for summary judgment.

Based upon our review of the factual allegations, we believe that the Spadafores could have presented a colorable argument that excessive force was used in violation of the Fourth Amendment. Acknowledging, however, that the plaintiff is the "master of his complaint," *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 943 (6th Cir. 1994), the simple fact that a claim could have been made under federal law does not preclude the Spadafores from making it under state law only. They did so in this case in the form of an assault and battery allegation.

In addition, "the pleading must contain something more by way of a claim for relief than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a right of action." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §1216, at 163 (2d ed. 1990). We are thus reluctant to infer from the alleged facts a Fourth Amendment violation, even one that seems obvious based upon the allegations in this case, where none was pled by the

Spadafores or addressed in their opposition to the defendants' motion for summary judgment.

To the extent that the Spadafores are attempting to assert other § 1983 violations, these claims were not adequately set forth in their complaint. Nor was this problem corrected at the summary judgment stage. The Spadafores argue that they were wrongfully denied the opportunity to further amend their complaint after offering to do so in their opposition to the defendant's motion for summary judgment. No motion for leave to amend was ever filed, however, nor was a proposed amendment submitted in any form as required by Rule 15(a) of the Federal Rules of Civil Procedure. Without viewing the proposed amendment, it was impossible for the district court to determine whether leave to amend should have been granted. These facts support our conclusion that the Spadafores failed to exercise the "due diligence" required to take advantage of Rule 15(a)'s dictate that leave to amend shall be freely granted. *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995) (affirming the district court's denial of a Rule 15(a) motion on the ground that the plaintiff had failed to demonstrate due diligence). We therefore agree with the district court that the only federal claim alleged by the Spadafores against the individual defendants is a civil conspiracy, which is an action available under § 1983.

## C.  Section 1983 conspiracy claim

The standard for proving a § 1983 conspiracy claim was set forth by this court in *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985):

A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial

objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Id*. at 943-44. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir. 1987). Furthermore, this court has acknowledged that because "[r]arely in a conspiracy case will there be direct evidence of an express agreement among all the conspirators to conspire, . . . circumstantial evidence may provide adequate proof of conspiracy." *Weberg v. Franks*  229 F.3d 514, 528 (6th Cir. 2000) (alteration in original).

The district court found that the Spadafores' complaint did not meet the requisite degree of specificity needed to sustain a § 1983 conspiracy claim. As discussed above, it is difficult to tell which of their constitutional rights the Spadafores believe the defendants conspired to violate. The Spadafores simply claim that they had a constitutionally protected right to "be free from egregious and intentional misconduct by government employees." Although not explicitly stated in the pleadings, the Spadafores most likely are attempting to assert a right rooted in the Due Process Clause of the Fourteenth Amendment. They make a number of allegations both in the pleadings and in their opposition brief that the defendants intentionally filed false affidavits. But even if this is true, there is no evidence from which to infer that the defendants acted in concert in so doing. The Spadafores have submitted no evidence, circumstantial or otherwise, suggesting that the defendants had a single plan when they made the allegedly false statements. We thus conclude that the district court did not err in granting summary judgment in favor of the defendants regarding the Spadafores' § 1983 conspiracy claim.

### III.    CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.