Jessie D. MCDONALD, Plaintiff–
Appellant,

v.

Walter LAWHORN; Yellow Cab Metro,
Inc.; Metropolitan Government of
Nashville and Davidson County, Ten-
nessee; Edward S. Ryan; David D.
Barriga, Defendants–Appellees.

Nos. 03–5207, 03–5208.

United States Court of Appeals,
Sixth Circuit.

Jan. 29, 2004.

Jessie D. McDonald, Nashville, TN, for
Plaintiff–Appellant.

John L. Kennedy, Metropolitan Depart-
ment of Law, Daniel W. Champney, Met-
ropolitan Government of Nashville and
Davidson County, Legal Department, Mar-
garet O. Darby, Metropolitan Government
of Nashville & Davidson County, Richard
E. Norman, Jr., Nashville, TN, for Defen-
dants–Appellees.

Before SUHRHEINRICH, CLAY, and
SUTTON, Circuit Judges.

### ORDER

Jessie D. McDonald appeals pro se from
the district court's denial of a motion to
reconsider the dismissal of his civil rights
case filed under 42 U.S.C. §§ 1983, 1985
and 1986. He also appeals the court's
denial of his motion for a stay pending this

appeal. His consolidated appeals have been referred to a panel of this court under Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

McDonald alleged that the defendants violated his rights by conspiring to prevent him from operating a cab in Davidson County, Tennessee. The district court adopted a magistrate judge's recommendation and dismissed the case on September 16, 2002. McDonald's motion to reconsider was denied on November 14, 2002, and his motion for a stay was denied on January 6, 2003.

The magistrate judge succinctly described the background of McDonald's case as follows:

In December, 1987, Yellow Cab Metro, Inc. obtained an order from the Chancery Court of Davidson County permanently enjoining the plaintiff and his company from "picking up and dropping off passengers [and] ... dispatching vehicles in the Davidson County area under the name Yellow Cab Company, Inc." ... [T]he Metropolitan Transportation Licensing Commission has twice denied the plaintiff the permit he needs to operate a taxi in Davidson County.

Despite his inability to obtain the necessary permit, the plaintiff continued to operate his taxi service in Davidson County. As a result, on October 18, 2001, he received misdemeanor citations for (1) operating a taxi business without a Davidson County Driver's Permit and (2) operating a taxi business without a cab license from Davidson County.

On November 28, 2001, the plaintiff appeared before Edward Ryan, acting as a Special Judge in the General Sessions Court of Davidson County. The misdemeanor citations were prosecuted by David Diaz–Barriga who was representing the interests of Metro Government. Judge Ryan found that the plaintiff had violated the Metro ordinances in question and apparently orally enjoined him and his business, Yellow Cab Company, Inc., from operating in Davidson County. Defendant Gloria Dumas, an elected Judge of the Metropolitan General Sessions Court, later signed a written "Order for Mandatory Injunction".

(R.E. 51, pp. 2–3)(footnote and record citations omitted).

We review the dismissal of McDonald's case *de novo*. *See Cooper v. Parrish,* 203 F.3d 937, 944 (6th Cir.2000). Dismissal was appropriate because he did not raise a cognizable claim. *See* Fed.R.Civ.P. 12(b)(6).

■ McDonald's claims against the Licensing Commission, Judge Dumas, Judge Ryan, David Barriga, and the Metropolitan Government all arose from his assertion that the General Sessions Court had improperly enjoined him from operating a cab in Davidson County. The district court found that these claims were barred by the *Rooker–Feldman* doctrine. *See D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Under that doctrine, a federal district court lacks jurisdiction to hear an appeal of a case that has already been litigated in state court. *See Patmon v. Mich. Supreme Court,* 224 F.3d 504, 506–07 (6th Cir.2000). Dismissal was appropriate because McDonald sought to relitigate the state court's decision to enjoin him from operating or dispatching cabs in Davidson County, even though his intent to do so was thinly veiled by nominal claims of constitutional violations. *See id.* at 509–10.

██ The district court properly found that defendants Ryan and Dumas were entitled to absolute judicial immunity, and that defendant Barriga was entitled to prosecutorial immunity. *See Cooper,* 203 F.3d at 944–49. These defendants did not act in the complete absence of jurisdiction, so as to deprive them of immunity. *See id.* at 946. Moreover, federal review of McDonald's claims would be barred by the *Rooker–Feldman* doctrine, even if they were not immune.

The district court properly dismissed the claims against defendants Lawhorn, Comforti, and Yellow Cab Metro, Inc., because McDonald's allegations did not indicate that they were acting under color of state law. *See Spadafore v. Gardner,* 330 F.3d 849, 852–53 (6th Cir.2003). The court also properly rejected a claim that these defendants had conspired to discriminate against McDonald, because his allegations of a discriminatory animus were wholly conclusory. *See id.* at 853–54; *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir.1992).

McDonald now argues that the defendants conspired to violate his rights under the Sherman Anti–Trust Act. This claim was not clearly raised in his complaint, and we will not consider it for the first time on appeal. *See Barker v. Shalala,* 40 F.3d 789, 793–94 (6th Cir.1994). Nevertheless, we note that the claim appears to be meritless.

Finally, McDonald argues that the district court should have allowed him to add Judge Dumas as a defendant and should have directed that defendant Comforti be served with his complaint. He also argues that the court should have allowed him to add Officer Scott Fulton as a defendant, alleging that Fulton had arrested him without probable cause. However, the court plainly considered and rejected McDonald's claims against Dumas and Comforti. It also acted within its discretion by refusing to add Fulton as a defendant, because qualified immunity protected him from McDonald's claim. *See Newell,* 981 F.2d at 887.

McDonald's initial brief does not contain any clear challenge to the district court's rationale for denying his motion for a stay during the pendency of this appeal. *See United States v. Mick,* 263 F.3d 553, 567 (6th Cir.2001). Nevertheless, we note that the issue is now moot.

Accordingly, all pending motions are denied and the district court's orders are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.