NOT FOR PUBLICATION
File Name: 08a0123n.06
Filed: February 28, 2008

NO. 06-2261

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MIKE CRAMER, an Individual doing business
as Allstar Books,

      Plaintiff-Appellant,

v.

CITY OF DETRIOT, a municipal corporation;

      Defendant,

RONALD VITALE; YORKSHIRE FOOD
MARKET,

      Defendants-Appellees.

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE:    SUHRHEINRICH, COLE and GIBBONS, Circuit Judges.

      **SUHRHEINRICH, Circuit Judge.** Plaintiff Mike Cramer appeals from the order of the district court granting summary judgment to Defendants Ronald Vitale and Yorkshire Food Market on Cramer's claim that they conspired with the City of Detroit to violate his First Amendment rights. We **AFFIRM.**

## I. Background

      Plaintiff Mike Cramer owns Allstar Books located on Mack Avenue in Detroit, Michigan. One side of the bookstore is visible from the street and is adjacent to Yorkshire Food Market's parking lot. Yorkshire Food Market is owned by Ronald Vitale. The adjacent wall contained an advertisement for Yorkshire Food Market. After Plaintiff purchased the building, he obtained a sign

permit from the Detroit Building and Safety Engineering Department (BSE) and had a mural painted over Yorkshire's advertisement. The mural presents the name of the bookstore and contains large, colorful, cartoon-like heads with fangs, horns, and laser beams shooting from their eyes.

After that, Vitale erected a sign in the parking lot, allegedly to inform his customers that parking was available. BSE initially approved a permit for Vitale's sign but then reconsidered its decision, and denied Vitale's application for a permit for his sign. Vitale filed an application of appeal with the City of Detroit Board of Zoning Appeals (BZA), and a public hearing was held. At that hearing several neighbors voiced their objections to Plaintiff's mural. On May 8, 2003, the BZA granted Vitale's request for a variance. As a result, according to Plaintiff, Defendants were able to erect a 480-foot billboard within twelve inches of Plaintiff's mural, despite the fact that City of Detroit zoning regulations at the time prohibited placing an advertising sign within 1000 feet of an existing sign.

Plaintiff filed suit in Wayne County Circuit Court, against Ronald Vitale, Yorkshire Food Market, City of Detroit, and the City of Detroit Board of Zoning Appeals, alleging the following: Count I, "Gross Negligence Governmental Immunity" against the City of Detroit; Count II, "Violation of 42 U.S.C. [§] 1983" against the City and Vitale; Count III, "First Amendment Violation," against the City and Vitale; Count IV, Nuisance against all defendants. The matter was removed to federal court. The district court remanded Counts I and IV to state court.

Defendants Yorkshire Food Market and Vitale moved for summary judgment on the remaining federal claims, Counts II and III. The district court granted the motion, finding that Plaintiff had not established facts to make the private defendants state actors for purposes of liability

2

under § 1983 and the First Amendment. The district court also granted Rule 11 sanctions to Defendants in the amount of $5,000.

Meanwhile, the City Defendants also filed a motion for summary judgment. The district court denied summary judgment to the City Defendants as to the First Amendment claim, finding that there were genuine issues of fact as to whether the City's decision was content-based, and dismissed the remaining claims.

On August 1, 2006, the district court entered an order dismissing all claims against the City with prejudice based on the stipulation of the parties.

This appeal followed.

## II. Standard of Review

Defendants filed their motion for summary judgment pursuant to Fed. R. Civ. P. 56(c), 12(b)(1), and 12(b)(6). Because the district court characterized Defendants' pleading as a motion for summary judgment, and entered summary judgment in favor of Defendants, Rule 56 standards apply. *Cf. Spadafore v. Gardner*, 330 F.3d 849, 852-53 (6th Cir. 2003) (noting that because the defendants did not file a motion under Rule 12(b)(6) to dismiss based on the pleadings, but waited until summary judgment to attack the sufficiency of the complaint, the court was not limited to the formal issues framed by the pleadings but instead was required to consider the issues presented by the other material offered by the parties on the motion).

This Court reviews the district court's grant of summary judgment de novo. *Int'l Union v. Cummins, Inc.*, 434 F.3d 478, 483 (6th Cir. 2006). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Int'l Union*, 434 F.3d at 483.

3

### III. Analysis

On appeal, Plaintiff challenges the district court's rulings that (1) Defendants were not state actors; (2) his § 1983 equal protection claim was not ripe; and (3) Defendants were entitled to sanctions.

### A. State Actors

Plaintiff objects to the district court's dismissal of his First Amendment claims against Defendants Vitale and Yorkshire Food Market on the basis that they were not state actors. Specifically, Plaintiff contends that because the district court ruled that there was a question of fact as to whether the City violated Plaintiff's First Amendment rights, it follows that he has a viable claim for conspiracy.

To state a claim under § 1983, a plaintiff must show that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was at the hands of a person acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Am. Postal Workers Union v. City of Memphis,* 361 F.3d 898, 905 (6th Cir. 2004). Section § 1983 is not a vehicle for proceeding against a private party "'no matter how discriminatory or wrongful' the party's conduct.'" *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). However, private persons, by their actions, can become state actors for purposes of liability under § 1983. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). That is, private persons may be held liable under § 1983 if they willfully participate in joint

4

activity with state agents. *Am. Postal Workers Union*, 361 F.3d at 905 (citing, *inter alia*, *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)).

There is no evidence of joint activity here. Simply because Defendants requested the allegedly illegal variance and the City granted it, it does not follow that Defendants and the City jointly "agreed" to deprive Plaintiff of his First Amendment rights. Defendants' appeal and request for a variance at a public hearing was pursuant to legal process, and Plaintiff does not otherwise allege, let alone establish, that Defendants used *illegal,* covert means to influence the City's decision. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or joint actor with the judge.")

In short, the district court did not err in granting summary judgment to Defendants as to the First Amendment claim.

### B. Equal Protection Claim

Plaintiff also challenges the district court's dismissal of his equal protection claim as unripe. Plaintiff alleges that because it derives from his claim of a First Amendment violation incidental to a government taking, he was not required to first pursue an inverse condemnation action.

This argument must be rejected. In the first place, Plaintiff did not plead a claim for denial of equal protection in his amended complaint. As the district court noted in its order granting partial summary judgment to the City, "Plaintiff failed to plead an equal protection claim in his Complaint, so that concept is not relevant here." This explains why the district court did not grant (or deny) summary judgment as to such a claim when it granted summary judgment to Defendants. Because Plaintiff failed to plead an equal protection claim, this Court will not entertain such a claim now. *See Spadafore*, 330 F.3d at 853 (stating that the Court was reluctant to infer a Fourth Amendment

5

violation in connection with a § 1983 case where none was pled). In any event, the claim fails for the reasons discussed in the previous section.

### C. Sanctions

Finally, Plaintiff objects to the district court's imposition of Rule 11 sanctions. The district court concluded that Plaintiff's First Amendment claims against Defendants Vitale and Yorkshire were "groundless" and "irresponsible" as Plaintiff was unable to provide facts suggesting that either Defendant was a state actor under any of the enumerated tests. The district court found that "[a]s a result of Plaintiff's failure to conduct a reasonable inquiry into the facts and law supporting his First Amendment and § 1983 claims," Defendants incurred over $16,000 in attorneys' fees. Nonetheless, taking into account that both parties were individuals with small businesses, and assuming for purposes of the opinion that Plaintiff was "of relatively modest financial means," the court awarded fees in the amount of $5,000 and made Plaintiff and Plaintiff's attorney jointly and severally liable.

This Court reviews "all aspects" of a district court's ruling imposing sanctions for abuse of discretion. *Tahfs*, 316 F.3d at 593 (citing, *inter alia, Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). A district court abuses its discretion when it relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law. *Id.* "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Id.* (internal quotation marks and citation omitted).

Plaintiff had "a reasonable opportunity for . . . discovery" and, by the time the district court ruled, "the other factual contentions [did not] have evidentiary support." *See* Fed. R. Civ. P. 11(b)(3). Thus, for the reasons provided by the district court and as discussed above, we find that the district court did not abuse its discretion in awarding Rule 11 sanctions.

## III. Conclusion

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

**R. GUY COLE, JR., Circuit Judge, concurring in part and dissenting in part.** I agree with the majority's conclusion that Cramer's claims are meritless. I disagree, however, with the district court's imposition of Rule 11 sanctions and the majority's conclusion to affirm the same.

As the majority observes, private persons may be held liable under § 1983 if they jointly engage with state officials in a prohibited action. *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). "Allegations in a plaintiff's complaint that a private citizen-defendant acted corruptly in concert with a state official may be sufficient to make out a claim that, as to the action in question, the defendant is a state actor." *Id.* at 591. Although ultimately unavailing, Cramer specifically alleged concerted action in his complaint. Cramer stated that Vitale and Yorkshire "worked in concert" with the City Defendants to deprive Cramer of his constitutional rights by permitting Vitale to post his sign, which did not conform with local ordinances, directly in front of Cramer's advertisement, completely obscuring it from view. Cramer also stated that Vitale and the City Defendants "conspired against" him because they did not approve of the "look" of Cramer's sign. Although Cramer's state actor argument is tenuous based on the facts of the case, it is not "completely unwarranted by existing law," nor is it so bizarre to be considered frivolous, particularly in light of the egregious placement of Vitale's sign. *See Tahfs*, 316 F.3d at 594.

Further, I cannot agree with the imposition of Rule 11 sanctions on the ground that Cramer's claims lacked evidentiary support, because Defendants filed their motion for sanctions well before close of discovery.

Because Cramer's allegations were not unreasonable under the circumstances, I would conclude that his action did not warrant Rule 11 sanctions.