NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0604n.06
No. 18-3091

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

JEFFREY BROZMAN,

     **Plaintiff-Appellant,**

v.

DETECTIVE LIEUTENANT JEFFREY
SOLIC, et al.,

     **Defendants-Appellees.**

**FILED**
Nov 30, 2018
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

---

**BEFORE:** MOORE, CLAY, and DONALD, Circuit Judges.

**CLAY, Circuit Judge.** Plaintiff Jeffrey Brozman appeals the district court's December 29, 2017, Memorandum of Opinion and Order granting Defendants summary judgment on Plaintiff's 42 U.S.C. § 1983 claim. For the reasons set forth below, we **AFFIRM** the district court's judgment.

## BACKGROUND

### Factual Background

On October 17, 2015, Plaintiff was a passenger in a car that Officer Adam Hess and Sergeant Christopher Collins of the Austintown, Ohio Police Department stopped following a traffic violation. Plaintiff and others were ordered to exit the vehicle, and a police dog alerted the officers to drugs in the vehicle after an open-air sniff. As the officers prepared to search the vehicle, Plaintiff inserted his hands in his pockets after being ordered to keep them out of his

pockets. Plaintiff had four prescription pills in his pocket that were not prescribed to him. Plaintiff was ordered to remove his hands, and initially did so before reinserting them in his pockets. The officers issued another order, and when Plaintiff ignored it, Officer Hess deployed his taser, which connected with Plaintiff's chest. Plaintiff removed one of the taser's probes, rendering it ineffective, whereupon an officer attempted to restrain Plaintiff. Plaintiff was brought to the ground and eventually complied with the officers. "Once the plaintiff complied, he was handcuffed and removed from the area without incident." (R. 14, Joint Stipulations of Fact, Page ID# 87.)

After being released by the police following processing and interviewing, Plaintiff received medical attention and found he had sustained a complex fracture in his hip. Plaintiff was eventually charged with resisting arrest and drug abuse in violation of O.R.C. § 2921.33(A) and O.R.C. § 2925.11(A), respectively. These charges were dropped but re-filed, and Plaintiff eventually pleaded guilty to the drug abuse charge, while the resisting arrest charge was dismissed.

**Procedural History**

Plaintiff filed suit in state court under 42 U.S.C. § 1983 against Defendants Detective Lieutenant Jeffrey Solic of the Austintown Police Department, the Township of Austintown, the Township of Austintown Board of Trustees, and various John Doe defendants, alleging violation of his Fourth and Fourteenth Amendment rights.[1] Defendants removed the case to the United States District Court for the Northern District of Ohio. The parties conducted discovery and filed a Joint Stipulation of Facts, which the parties relied upon in their motions and briefs.

Defendants moved for summary judgment, and the district court granted Defendants' motion. Plaintiff timely appealed.

---

[1] Plaintiff was later permitted to amend his complaint to include Sergeant Collins and Officer Hess.

**DISCUSSION**

**Standard of Review**

We review a district court's grant of summary judgment de novo. *Spadafore v. Gardner*, 330 F.3d 849, 851 (6th Cir. 2003). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering such a motion, the court construes all reasonable factual inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

**Analysis**

A plaintiff can succeed on a § 1983 claim for excessive force in violation of the Fourth Amendment where police officers' use of force against a plaintiff was "'objectively unreasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Plaintiff raises two issues on appeal, which we will address in turn.

First, Plaintiff argues that the complex fracture he sustained is circumstantial evidence of excessive force such that a genuine issue of material fact exists. But Plaintiff forfeited this argument by failing to raise it in the district court. "It is well-settled that issues not presented to the district court but raised for the first time on appeal are not properly before this Court." *Kusens v. Pascal Co.*, 448 F.3d 349, 368 (6th Cir. 2006) (citation omitted); *see also Armstrong v. City of Melvindale*, 432 F.3d 695, 700 (6th Cir. 2006) ("[T]he failure to present an issue to the district court forfeits the right to have the argument addressed on appeal."). Plaintiff did not raise the issue below of whether his fractured hip establishes sufficient circumstantial evidence of unreasonable

use of force to defeat summary judgment. Instead, in response to Defendants' motion for summary judgment, Plaintiff's argument was premised entirely on the issue of whether he was tased a second time after being handcuffed. Thus, Plaintiff forfeited this argument.

Second, Plaintiff argues that he was tased after being handcuffed, which constituted force that was objectively unreasonable in light of the circumstances. This Court does not need to reach the question of whether such a use of force would be unreasonable, because no genuine issue of material fact exists as to whether Plaintiff was tased after being handcuffed. This is because the Joint Stipulations of Fact, which Plaintiff signed and relied on in his motions and briefing below, stated that "[o]nce the plaintiff complied, he was handcuffed and removed from the area without incident." (R. 14, Joint Stipulations of Fact, Page ID# 87.) The district court correctly held that this admission prevents Plaintiff from arguing that he was tased after being handcuffed, as he was "handcuffed and removed from the area without incident." Moreover, on appeal Plaintiff does not make any argument relating to the district court's analysis of the Joint Stipulation. Rather, Plaintiff disingenuously cites this section of the Joint Stipulations of Fact without the last two words, stating only that "once the plaintiff complied, he was handcuffed and removed from the area." (Appellant's Br. 5 (quoting R. 14, Joint Stipulations of Fact, Page ID# 87.)) In light of Plaintiff's admission, there remains no genuine issue of material fact as to whether Plaintiff was tased after being handcuffed.

For the reasons stated above, this Court **AFFIRMS** the district court's judgment.