NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0258n.06

Case No. 25-5846

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Jun 08, 2026

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| JIMMY BRYSON; LATONYA BRYSON, | ) | |
| Plaintiffs-Appellants, | ) ) | |
| | ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| SPECIALIZED LOAN SERVICING, LLC, | ) ) | |
| Defendant-Appellee. | ) | |
| | ) | OPINION |

Before: GRIFFIN, LARSEN, and READLER, Circuit Judges.

READLER, Circuit Judge. Following the dismissal of their complaint, plaintiffs Jimmy and LaTonya Bryson moved to alter the judgment against them in accordance with Federal Rule of Civil Procedure 59(e) and to amend their complaint in accordance with Federal Rule of Civil Procedure 15. The district court denied both motions. Because the Brysons fail to identify a basis for relief, we affirm.

I.

In 2007, the Brysons purchased a home in Memphis, Tennessee. To do so, they executed two mortgages with First Franklin Financial Corporation: the first for $220,100, and a second for $55,025. Many years later, the Brysons defaulted on the second mortgage, which, by that time, was serviced by Specialized Loan Servicing, LLC (hereinafter, Specialized Loan). Specialized Loan obtained satisfaction of the debt through a foreclosure sale soon thereafter.

The Brysons challenged the foreclosure in Tennessee state court. In their complaint, the couple alleged that they "received no notice of the foreclosure" or "notice of [their] default on the mortgage," R. 1-1, PageID 8, and that Specialized Loan "lied both orally and in writing to the [Brysons] about the status of the loan," *id.* at PageID 10. Reading the complaint in a charitable light, the Brysons appear to have asserted three causes of action tied to those allegations: wrongful foreclosure in violation of "two sections of the Tennessee Code," *id.* at PageID 8, violations of "due process or notice," *id.*, and fraudulent misrepresentation based on a payoff statement issued after the foreclosure sale, *id.* at PageID 10.

Specialized Loan timely removed the case to federal court for reasons of diversity, at which point the company moved to dismiss the case on the grounds that the Brysons' complaint did not state a cognizable claim. For two months, the Brysons failed to respond to Specialized Loan's motion (which carried a 28-day response period), at which point the district court ordered the Brysons to show cause for why their case should not be dismissed. The couple responded a week later with a two-page filing, in which they claimed that "[t]he only reasonable conclusion from the record is that the foreclosure notices were in error." R. 11, PageID 79. Reading the complaint otherwise, the district court granted Specialized Loan's motion and entered judgment in the company's favor.

That decision spurred the Brysons to action. The couple filed a Rule 59(e) motion to alter or amend the judgment and a Rule 15 motion to amend the complaint. The district court denied each request, giving rise to today's appeal.

II.

A. Before us, the Brysons challenge the district court's denial of their Rule 59(e) motion as well as their Rule 15 motion. By and large, the Brysons' appeal rises or falls with our resolution

of their Rule 59(e) arguments, so we begin there.  We have understood Rule 59(e) to authorize a district court to alter or amend its judgment in four circumstances:  "if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017).  We review the district court's denial of a Rule 59(e) motion for abuse of discretion.  *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

1. Turn first to the Rule's clear-error inquiry.  We see no abuse of discretion in the district court's conclusion that it did not clearly err in dismissing the Brysons' complaint.  Reaching that threshold requires more than just "disappointment" from the losing party, but a "wholesale disregard, misapplication, or failure to recognize controlling precedent" by the district court.  *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation modified).  Here, the Brysons have failed to identify any such error by the district court, as none of the couple's causes of action came close to stating a cognizable claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Take the wrongful foreclosure claim, which centered on the assertion that the Brysons did not receive the foreclosure notice.  Even if that were the case, more is needed to adequately allege a violation of Tennessee law.  The Volunteer State asks only whether notice of the foreclosure was sent by registered mail, not whether it was received.  *See* Tenn. Code Ann. § 35–5–101(e) (2025) (requiring that the notice of foreclosure "be sent . . . by registered or certified mail").  Yet the Brysons did not allege that Specialized Loan failed to comply with the mailing requirement.

As for the Brysons' fraudulent misrepresentation and due process claims, it is unclear whether the Brysons in fact contest their dismissal.  The Brysons' Rule 59(e) motion did not seem to address them, nor does the couple appear to resurrect those claims on appeal.  Either way, we

agree with the district court that the claims were "fundamentally deficient." R. 18, PageID 109. In particular, the Brysons' allegations that Specialized Loan "lied both orally and in writing to [them] about the status of the loan," R. 1-1, PageID 10, and "denied them due process," *id.* at PageID 8, are mere "[t]hreadbare recitals" and "conclusory statements" that do not satisfy federal pleading standards, *Iqbal*, 556 U.S. at 678 (citation modified). All said, the district court did not err (let alone clearly so) in issuing its judgment against the Brysons.

Seeing things otherwise, the Brysons fault the district court for failing to consider a purported inconsistency between the promissory note covering the $55,025 loan and the underlying deed of trust. According to the Brysons, Tennessee law requires that the original note and deed of trust be construed together and, where there is an irreconcilable difference between the two, that the terms of the note control. *See Ferguson v. Peoples Nat'l Bank of LaFollette*, 800 S.W.2d 181, 183 (Tenn. 1990). Yet the district court, the Brysons contend, paid no heed to those terms before entering judgment against them.

We disagree in multiple respects. Start with a foundational flaw in the Brysons' claim for relief. Neither their complaint nor their response to Specialized Loan's motion to dismiss made any assertion or argument regarding a conflict between the terms of the governing documents. That point was not raised until the Rule 59 stage. *In re E. Palestine Train Derailment*, 160 F.4th 751, 759 (6th Cir. 2025) (recognizing Rule 59(e) is "not a vehicle to present new arguments that could have been raised prior to the court's dispositive decision"); *Leisure Caviar*, 616 F.3d at 616 (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)); *see also Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). Nor, at all events, do the Brysons explain the nature of the inconsistency. Even in their Rule 59(e) motion, the Brysons failed to address what terms are inconsistent across the various documents. In other words, the Brysons fault the

4

district court for erring in its treatment of information the Brysons never put forward, and for ignoring arguments the Brysons never made.

Were we to overlook that reality, it remains unclear which of the Brysons' three causes of action is informed by this purported "error." The Brysons' briefing fails to connect the error to any cause of action in their complaint. Instead, the Brysons appear to be making a belated effort to transform their allegation into a breach of contract claim. That theory of liability, however, was similarly absent from their complaint as well as their response to Specialized Loan's motion to dismiss, appearing for the first time in the Brysons' Rule 59(e) motion. That is too late in the day. *See In re E. Palestine*, 160 F.4th at 759.

2. Turn next to newly discovered evidence. In their Rule 59(e) motion, the Brysons pointed to four documents purportedly "uncovered by [their] counsel in his investigation of the facts, which," when taken into account, they say, "manifestly change the outcome of this case." R. 21, PageID 115. One problem for the Brysons is that newly discovered evidence "must have been previously unavailable" to them. *Leisure Caviar*, 616 F.3d at 617 (quoting *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). That said, the Brysons admitted that two of the four documents—the notes tied to their two loans—were "provided to [them] at the closing of the loan in 2007." R. 21, PageID 115–16. Definitionally then, those items were not newly discovered. *See Zucker v. City of Farmington Hills*, 643 F. App'x 555, 567 (6th Cir. 2016) (explaining that "it is 'well established' that Rule 59(e) relief is not warranted 'when [a motion] is premised on evidence that the party had in his control prior to the original entry of judgment'" (alteration in original) (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989))).

As for the two remaining documents, the Brysons fail to allege how those items "would have produced a different result if presented before the original judgment." *Good v. Ohio Edison*

*Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (citation modified). According to the Brysons, the documents reflect various assignments of the $220,100 deed the couple possessed at closing. Why that information is material to a foreclosure dispute regarding a separate $55,025 loan, however, is left unsaid. We thus see no basis to conclude that the purported newly discovered evidence would have changed the result if presented pre-judgment.

3. Nor was there an intervening change in controlling law. Rule 59(e) affords relief to an unsuccessful party who can point to an intervening legal change that alters the basis for the district court's judgment. *See U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 618 F.3d 505, 512–13 (6th Cir. 2010). This exception understandably seeks "to protect those who, despite due diligence, fail to prophesy a reversal of established adverse precedent." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 374 (6th Cir. 2007). But to successfully invoke the exception, the Brysons must provide a case that "plainly forecloses the relief [Specialized Loan] obtained." *Id.* at 375.

Here again, the Brysons come up short. The decision they highlight, *Case v. Wilmington Trust, N.A.*, 703 S.W.3d 275 (Tenn. 2024), is far from a post-judgment change in law. One, it was not issued post judgment. *Case* was published *before* the district court's entry of judgment and the court relied on *Case* to dismiss the Brysons' wrongful foreclosure claim. And two, *Case* does not reflect a change in law to the district court's rationale in entering its judgment. Truth be told, *Case* declined to recognize a cause of action for wrongful foreclosure, the same theory the Brysons pursued. 703 S.W.3d at 294–95. In short, the decision does not upend the district court's entry of judgment against the Brysons—it supports it.

Nevertheless, the Brysons read *Case* as requiring the district court to "recast[] the[ir] wrongful foreclosure claim into a breach of contract claim." Appellant Br. 11–12. But courts do not cast (or recast) claims for parties—the parties do. *Guarino v. Brookfield Twp. Trs.*, 980 F.2d

6

399, 406 (6th Cir. 1992) (deeming it "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion"). And the Brysons did not cast a breach of contract claim in their pleadings. Even as late as the scheduling conference held four months after *Case* was issued, the Brysons continued to describe their claim as one for wrongful foreclosure. It was too late to recast that claim at the Rule 59 stage, and it is especially late now. *See Banister*, 140 S. Ct. at 1703; *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000).

4. Finally, the Brysons fail to show that the district court's dismissal constituted a manifest injustice. In analyzing this factor, we seek to balance "the judicial imperative of bringing litigation to an end" with the need to render just decisions. *Am. Int'l Underwriters*, 178 F.3d at 834.

What purported manifest injustice occurred here? According to the Brysons, it was Specialized Loan's failure to produce documents or affidavits demonstrating that the loan servicer mailed the foreclosure notice to the couple. True, as mentioned, Tennessee law requires that the trustee (or the party selling the property) send the foreclosure notice by registered mail to the debtor. *See* Tenn. Code Ann. § 35–5–101(e) (2025). But, again, the Brysons' complaint alleged only that the notice was not received; it did not allege that it was never mailed. They similarly did not press the mailing point in their response to Specialized Loan's motion to dismiss. As the district court summed up the situation, the Brysons "had nearly ten months from filing to judgment to investigate their claims," yet largely sat on their hands. R. 29, PageID 232. It is far too much to ask a court to reopen a case simply to "correct what has—in hindsight—turned out to be a poor strategic decision" by the losing party. *Id.* at 231 (citation modified).

Nor, it bears adding, does the Brysons' assertion appear to have much of a factual basis. Specialized Loan stated in its motion to dismiss that "[a]ll required notices were sent during the foreclosure on the Property," and provided documentation to support that claim, assertions the Brysons have never countered. R. 9-1, PageID 45.

B. Lastly, the Brysons claim that the district court erred in denying their motion to amend the complaint, a decision we likewise review for an abuse of discretion. *Leisure Caviar*, 616 F.3d at 615. Before we may conclude that such an abuse occurred, we must be left with a "definite and firm conviction that the [district] court committed a clear error in judgment" in denying the motion to amend. *Cummins v. BIC USA, Inc.*, 727 F.3d 506, 510 (6th Cir. 2013) (citation modified).

A fundamental error dooms their Rule 15 argument from the start. As the district court emphasized, the couple failed to file "a proposed amended complaint for the Court's review, making it impossible to assess whether any new claim would be properly pled or would survive a motion to dismiss." R. 29, PageID 232. That alone was a sufficient basis for the district court to deny the Brysons' Rule 15 motion to amend. *Cf. Crosby v. Twitter, Inc.*, 921 F.3d 617, 627–28 (6th Cir. 2019); *Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003).

Even setting that misstep aside, the Brysons still fail to demonstrate an abuse of discretion. As a general rule, a district court is free to grant a plaintiff permission to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). But when a request to amend comes after judgment is entered against the plaintiff, we must "consider[] the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Leisure Caviar*, 616 F.3d at 615–16 (alteration in original) (citation modified). As a result, to successfully move to amend a complaint at that late stage, a plaintiff must first meet the requirements for reopening a case set forth by Rule 59(e). *See id.* Our Rule 15 inquiry, therefore, turns on our Rule 59(e) analysis. And, for reasons

already explained, that reality is fatal to the Brysons' request to amend their complaint, as the Brysons fail to carry the day on their Rule 59(e) arguments.  So too, then, for their Rule 15 motion.

\*       \*       \*       \*       \*

We affirm the district court.