**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JANET JAMISON,

       Plaintiff - Appellant,

v.

SMITH'S FOOD AND DRUG
CENTERS, INC., JENNIFER
BUTTRICK, JEFF SHORT, and
ZANE DAY,

       Defendants - Appellees.

_____

JANET JAMISON,

       Plaintiff - Appellant,

v.

UTAH ANTI-DISCRIMINATION and
LABOR DIVISION, SHERRIE S.
HAYASHI, Director, and
STEPHANIE CARRILLO,
Investigator,

       Defendants - Appellees.

No. 06-4306
(D.C. No. 2:06-CV-514-TC)
(D. Utah)

No. 06-4311
(D.C. No. 2:06-CV-763-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

    \* After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral

(continued...)

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

The plaintiff-appellant Janet Jamison, proceeding pro se,[1] appeals the district court's dismissal of her civil rights and employment discrimination action, D.C. No. 2:06-cv-514-TC, against the defendants-appellees, Smith's Food and Drug, Jennifer Buttrick, Jeff Short, and Zane Day, and her 42 U.S.C. § 1983 action, D.C. No. 2:06-cv-763-TC, against the defendants-appellees, Utah Antidiscrimination and Labor Division ("UALD"), Stephanie Carrillo, and Sherrie Hayashi. Because resolution of these cases relies on substantially the same facts and legal conclusions, we consolidate the appeals for purposes of decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. Background

Because the parties are familiar with the facts, we need not recite them in detail.

### A. No. 06-4306

On June 27, 2006, Ms. Jamison filed a complaint alleging civil rights violations and employment discrimination based on her sex, race and disability

---

(...continued)
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]  Because Ms. Jamison is proceeding *pro se*, we review her pleadings and filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

following her termination from Smith's Food and Drug after twenty-seven days of employment. Ms. Jamison contemporaneously moved to proceed in forma pauperis, a request the district court granted.

On October 3, 2006, the magistrate judge sua sponte issued a report and recommendation that Ms. Jamison's case should be dismissed as frivolous pursuant to 28 U.S.C. § 1915. Twenty days later, the district court adopted the report. Ms. Jamison filed objections to the magistrate's report three days later, and subsequently moved to reopen the case. The district court denied the motion to reopen.

### B. No. 06-4311

Ms. Jamison's dispute with the UALD, Ms. Carrillo, and Ms. Hayashi arises out of their investigation of claims that the West Valley City Housing Authority and certain of its employees discriminated against Ms. Jamison due to her race and disability in violation of both federal and state law. She filed a two-count federal complaint, on September 1, 2006, under 42 U.S.C. §§ 1983 and 1985, claiming that her Fifth Amendment Due Process rights were violated because Ms. Carrillo conducted her investigation in bad faith basing her findings on an incomplete investigation, and that Ms. Hayashi was negligent in failing to grant Ms. Jamison's request for reconsideration.

The district court granted Ms. Jamison's motion to proceed in forma pauperis. After denying her motion to appoint counsel, the magistrate judge,

pursuant to 28 U.S.C. § 1915, sua sponte recommended that her case be dismissed because it lacked "an arguable basis in either law or in fact." R. No. 06-4311, Vol. II, Doc. 10 at 1, 3 (Report and Recommendation, filed October 3, 2006). On October 23, 2006, the district court adopted the magistrate's report and recommendation, and dismissed Ms. Jamison's case without prejudice. The district court subsequently denied Ms. Jamison's motion to reopen the case. Ms. Jamison timely appealed in both cases.[2]

---

[2] We conclude that Ms. Jamison's notices of appeal were timely filed. "The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction." *Parker v. Bd. of Pub. Utils*., 77 F.3d 1289, 1290 (10th Cir. 1996). The timely filing of certain motions under the Federal Rules of Civil Procedure suspends the thirty-day period for filing a notice of appeal and the period begins to run from the date an order is entered granting or denying the motion. Fed. R. App. P. 4(a)(4)(A). Pursuant to Federal Rule of Civil Procedure 59(e), a party may make a motion requesting that the court alter or amend its judgment, as long as the motion is made no later than ten days after entry of the judgment. Construing Ms. Jamison's pro se pleadings liberally, her November 3, 2006 motions to reopen may be characterized as Rule 59(e) motions since they were filed within ten days of the district court's orders dismissing her cases. Therefore, Ms. Jamison's December 11, 2006 notices of appeal, which were filed within thirty days of the district court's November 9, 2006 denials of her motions to reopen, were timely.

Additionally, our review of the district court docket sheets indicates that the district court failed to enter separate judgments of dismissal as required by Federal Rule of Civil Procedure 58. Therefore, the time for filing a notice of appeal had not yet begun to run when Ms. Jamison filed her notices of appeal. By operation of Rule 58, judgment was deemed entered in both cases 150 days after the motion denials were entered on the docket. We may assume jurisdiction over a prematurely filed appeal in which a final judgment is ultimately rendered. *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 n. 2 (10th Cir. 1991).

## II. **Discussion**

Ms. Jamison contends that the district court erred in determining that her claims were frivolous pursuant to § 1915(e)(2)(B)(i). We have reviewed the allegations in the documents submitted to the district court and to this court in both cases. However, we conclude that Ms. Jamison has waived appellate review.

The record in each case unequivocally demonstrates that Ms. Jamison failed to timely object to the magistrates' reports. "[W]e have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The failure to timely object to a magistrate's recommendations "waives appellate review of both factual and legal questions." *Id.* The firm waiver rule does not apply, however, (1) when a pro se litigant was not notified of the time period for filing an objection and the consequences for failing to do so, (2) when the interests of justice warrant, or (3) when the party that failed to object makes a showing of plain error. *See Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006); *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005); *Wirsching v. Colorado*, 360 F.3d 1191, 1998 (10th Cir. 2004).

We conclude that none of the exceptions to the firm waiver rule apply in this case. First, the magistrate judges provided Ms. Jamison proper notice of the need to file objections within ten days of receiving the reports and the consequences for failure to timely object.

Moreover, we are unpersuaded that Ms. Jamison's excuse for her failure to timely object requires consideration of the merits in the interest of justice. Ms. Jamison provided contact information to the court in the form of a post office box address, rather than a residence address, and admitted that she only checked her post office box twice each month. Because the responsibility for Ms. Jamison's failure to discover that she had received the magistrates' reports rests squarely with her, we cannot conclude that the interests of justice require us to overlook her waiver. *See e.g.*, *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1268 (10th Cir. 1999) (finding waiver where appellate asserted that report and recommendation had been sent to the wrong address when "[appellant] himself was the source of all the confusion about his proper zip code").

Finally, we conclude that the magistrates' respective determinations that Ms. Jamison's claims were frivolous pursuant to 28 U.S.C. § 1915(e) were not plain error.[3] Reviewing Ms. Jamison's pro se pleadings less stringently, and cognizant that sua sponte dismissals are disfavored, *Whitney v. New Mexico*, 113 F.3d 1170, 1172 (10th Cir. 1997), we nonetheless have determined that because Ms. Jamison pled no cognizable legal theory to support her claims, and offered no credible basis for her factual assertions, her claims were frivolous under §

---

[3] To show plain error, Ms. Jamison must establish (1) an error (2) that is plain (3) that affects her substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732-34 (1993).

1915(e)(B)(2)(i).  *See Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Thus, the district court did not abuse its discretion in dismissing her cases.  *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 675 (2006).

### III.  Conclusion

For the foregoing reasons, the judgments of the district court are **AFFIRMED**.

Entered for the Court


Jerome A. Holmes
Circuit Judge