**Francis Oscar ROY, M.D.**

v.

**TENNESSEE BOARD OF MEDICAL EXAMINERS.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

May 6, 2009 Session.

July 24, 2009.

Permission to Appeal Denied by Supreme Court Feb. 22, 2010.

Robert L. Huskey, Manchester, Tennessee, for the appellant, Francis Oscar Roy, M.D.

Robert E. Cooper, Jr., Attorney General and Reporter, and Sue A. Sheldon, Senior Counsel, for the appellee, Tennessee Board of Medical Examiners.

## OPINION

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

A physician appeals the decision of the Board of Medical Examiners to revoke his medical license based upon findings that he prescribed narcotics or controlled drugs without proper documentation and without appropriate clinical indications. In his petition for judicial review, the physician contends the Board violated his due process rights by admitting into evidence the deposition of the Department of Health's only expert witness, whose testimony was obtained pursuant to a deficient notice of deposition. The Chancery Court found that the physician waived any errors and irregularities in the notice for taking the deposition because he failed to promptly object in writing as required by Tenn. R. Civ. P. 32.04(1) and that the admission of the deposition of the Department's expert witness into evidence did not violate the physician's due process rights. We affirm.

This is a judicial review of a decision of an administrative agency in accordance with the Tennessee Uniform Administrative Procedures Act, Tenn.Code Ann. §§ 4–5–322 and 4–5–323. Pursuant to the administrative final order of the Tennessee Board of Medical Examiners ("Board") dated July 17, 2007, the Board revoked the medical license of Dr. Roy and ordered Dr. Roy to surrender his Drug Enforcement Agency license to prescribe controlled drugs. The Board's decision was based upon the finding that Dr. Roy prescribed addictive narcotics or other controlled drugs to twenty-eight patients without proper documentation and without appropriate clinical indications between the years 2000 and 2004.

Dr. Roy graduated from Edward F. Herbert School of Medicine in Bethesda, Maryland in 1991. He obtained a license to practice medicine in Tennessee in 1993. He has been actively engaged in the practice of medicine in Tennessee since opening an office in Pikeville, Tennessee in 2000, where he practiced until moving in 2004 to Manchester, Tennessee.[1]

---

1. For reasons not fully explained in the record, Dr. Roy never notified the Department or the Board of his new office address or a different mailing address. After Dr. Roy moved to Manchester, he maintained his post office box in Pikeville. Thereafter, mail delivered to the post office box in Pikeville was removed by a friend of Dr. Roy, who would

In January 2007, the Tennessee Department of Health ("Department") initiated this action against Dr. Roy. The Department alleged that Dr. Roy had prescribed narcotics or controlled drugs to patients without proper documentation and without appropriate clinical indications. The matters at issue in the action pertained to Dr. Roy's practice in Pikeville, Tennessee from 2000 and 2004.

The contested case was scheduled for hearing before the Board on March 21, 2007. Prior to and in preparation of the scheduled hearing, the Assistant General Counsel for the Department mailed a notice of deposition to Dr. Roy, notifying him that a deposition of Dr. David Hassell was scheduled to occur on March 15, 2007, at 8:30 a.m. in Knoxville. The notice was placed in the mail on March 7, 2007. Two days later on March 9, 2007, the Assistant General Counsel mailed a list of witnesses and exhibits to Dr. Roy. The witness list stated that the Department intended to introduce the testimony of Dr. Hassell via deposition. The notice, witness list and all subsequent correspondence to Dr. Roy were addressed to his post office box in Pikeville.[2] At no time during these proceedings did Dr. Roy notify the Board or the Assistant General Counsel for the Department to use a different mailing address.

Dr. Roy did not see the notice of deposition until March 15, 2007, eight days after the notice of deposition was placed in the mail, and he did not read the notice of deposition until the afternoon of March 15, a few hours after Dr. Hassell's deposition had occurred.[3] Although Dr. Roy received the belated notice of Dr. Hassell's deposition, along with the list of witnesses which identified Dr. Hassell as a witness for the Department on March 15, Dr. Roy took no action and expressed no objection to the deposition of Dr. Hassell until seven weeks later, on May 8, 2007.

On March 21, 2007, a week after Dr. Roy received the notice of deposition, the Board convened for the scheduled hearing. Dr. Roy appeared at the hearing *pro se* and requested a continuance in order to secure counsel; however, Dr. Roy did not express any objection at the March 21 hearing regarding the deposition of Dr. Hassell. The Board granted Dr. Roy's request for a continuance and rescheduled the hearing for May 16, 2007.

On April 23, 2007, one month after the first continuance was granted, Dr. Roy sent a letter to the Assistant General Counsel advising that he had not secured counsel, requesting the name of the new administrative judge assigned to the hearing,[4] and requesting a copy of Dr. Hassell's testimony. The Assistant General Counsel provided the requested information and a copy of Dr. Hassell's deposition to Dr. Roy on April 30, 2007.

On May 8, 2007, Dr. Roy mailed a letter to the administrative judge objecting to the deposition of Dr. Hassell and requesting that any testimony by Dr. Hassell be stricken from the upcoming hearing.

When the case came on for hearing on May 16, 2007, the administrative judge treated Dr. Roy's letter as a motion to strike the deposition of Dr. Hassell and

---

personally deliver the mail to Dr. Roy on a weekly basis.

**2.** Because Dr. Roy did not provide another address, all correspondence from the Department and the Board was addressed to Dr. Roy's post office box in Pikeville.

**3.** These facts are represented by Dr. Roy in pleadings subsequently filed in this case.

**4.** The first administrative judge informed the parties that another administrative judge, who would be designated later, would conduct the rescheduled hearing.

ruled that the Department had complied with the notice requirement, and held that the deposition of Dr. Hassell was admissible. The contested case hearing then proceeded as scheduled with Dr. Roy representing himself *pro se.* During the hearing, which occurred over several days, Dr. Hassell's deposition was admitted as evidence over the continued objections of Dr. Roy. In pertinent part, Dr. Hassell, who was the Department's main witness, testified that Dr. Roy's records and treatment fell below the appropriate standards of care. At the close of the hearing, the Board determined that Dr. Roy had violated regulations that set forth the standards for prescribing and dispensing of medication and Tennessee statutes regarding the practice of medicine and distributing controlled substances. Based upon these findings, the Board revoked Dr. Roy's medical license, required him to surrender his Drug Enforcement Agency certificate,[5] and fined him $28,000.

Dr. Roy timely filed a petition for judicial review in the Chancery Court of Davidson County claiming, *inter alia,* that the notice of Dr. Hassell's deposition was defective because it did not provide at least ten (10) days notice, and, therefore the introduction of the deposition constituted a violation of his due process rights. The Department filed its answer on September 21, 2007.

A hearing on the petition occurred on January 31, 2008. The Chancellor issued a Memorandum Opinion on February 29, 2008 in which the court held in pertinent part that Dr. Roy had waived his objection to the defective notice of deposition by failing to promptly object in writing as required by Rule 32.04(1) of the Tennessee

Rules of Civil Procedure. Dr. Roy filed a motion to alter and amend, which the trial court denied. This appeal followed.

### STANDARD OF REVIEW

■ This action is a review of the trial court's review of the Board of Medical Examiners' decision. Judicial review of decisions of administrative agencies, when those agencies are acting within their area of specialized knowledge, experience, and expertise, is governed by the narrow standard contained in Tenn.Code Ann. § 4–5–322(h) rather than the broad standard of review used in other civil appeals. *Willamette Indus., Inc. v. Tennessee Assessment Appeals Comm'n,* 11 S.W.3d 142, 147 (Tenn.Ct.App.1999); *Wayne County v. Tennessee Solid Waste Disposal Control Bd.,* 756 S.W.2d 274, 279–80 (Tenn.Ct.App. 1988); *CF Indus. v. Tennessee Pub. Serv. Comm'n,* 599 S.W.2d 536, 540 (Tenn.1980); *Metropolitan Gov't of Nashville v. Shacklett,* 554 S.W.2d 601, 604 (Tenn.1977).

■ The trial court may reverse or modify the decision of the agency if the petitioner's rights have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5) Unsupported by evidence which is both substantial and material in the light of the entire record.

5. A physician may not prescribe controlled drugs without a valid Drug Enforcement Agency license.

Tenn.Code Ann. § 4–5–322(h)(1)–(5). However, the trial court may not substitute its judgment concerning the weight of the evidence for that of the Board. *Jones v. Bureau of TennCare,* 94 S.W.3d 495, 501 (Tenn.Ct.App.2002) (citing *Gluck v. Civil Serv. Comm'n,* 15 S.W.3d 486, 490 (Tenn. Ct.App.1999)). The same limitations apply to the appellate court. *See Humana of Tennessee v. Tennessee Health Facilities Comm'n,* 551 S.W.2d 664, 668 (Tenn.1977) (holding the trial court, and this court, must review these matters pursuant to the narrower statutory criteria). Thus, when reviewing a trial court's review of an administrative agency's decision, this court is to determine "whether or not the trial court properly applied the . . . standard of review" found at Tenn.Code Ann. § 4–5–322(h). *Jones,* 94 S.W.3d at 501 (quoting *Papachristou v. Univ. of Tennessee,* 29 S.W.3d 487, 490 (Tenn.Ct.App.2000)).

## ANALYSIS

Dr. Roy raises two issues on appeal. First, he argues that the trial court erred in finding he had waived his objection to the notice of deposition. Second, he argues that the Board of Medical Examiners' use of the deposition, which was taken without proper notice, violates his due process rights, and, thus constitutes arbitrary and capricious action.

■ "A party desiring to take the deposition of any person upon oral examination shall give notice in writing to every other party to the action." Tenn. R. Civ. P. 30.02(1). If the deposition is to be taken in the county in which the action is pending, the notice shall be served on the other parties "at least five days beforehand." *Id.* "When the deposition is to be taken out of the county, at least seven days' notice shall be given." *Id.* (emphasis added). The action was pending in Nashville, Davidson County; the deposition was to occur in Knoxville, Knox County. Therefore, the deposition was to be taken "outside the county where the action was pending." Accordingly, "at least" seven days notice beforehand was required. *See* Tenn. R. Civ. P. 30.02(1) (using the phrase "at least" when identifying the days of advance notice).

The timeliness of a notice of deposition, however, is not solely determined by Tenn. R. Civ. P. 30.02; whether a notice of deposition is timely may be impacted by other rules of civil procedure. If a notice of deposition affords a party less than eleven days notice then Tenn. R. Civ. P. 6.01 applies. "When the period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."[6] Tenn. R. Civ. P. 6.01. The Department afforded Dr. Roy less than eleven days notice. Therefore, the intermediate Saturday and Sunday are to be excluded from the computation of time

---

**6.** The Advisory Commission explained the reason for excluding "intermediate" Saturdays, Sundays and holidays when the prescribed period is less than eleven days is: "When the time allowed is so short, the party limited by the time should not be further handicapped by losing one or more days because normal business operations are suspended by Saturday, Sunday, or legal holiday observances." *See* Tenn. R. Civ. P. 6.01, Advisory Comm'n Cmt. Prior to 1999, the relevant period was seven days, not eleven; the period was increased to eleven days by amendment in 1999. As for this amendment, the Advisory Commission explained:

> The expansion of seven to eleven days in the final sentence of Rule 6.01 is to eliminate confusion over whether the mailing of a five-day notice creates an eight-day period because of Rule 6.05. No longer will that be an issue, as any period less than eleven days requires exclusion of weekends and holidays.

*See* Tenn. R. Civ. P. 6.01 Advisory Comm'n Cmt. to 1999 Amendment.

before the deposition of Dr. Hassell could be taken pursuant to notice.[7]

It is also relevant that the notice of deposition was mailed to Dr. Roy. This is because whenever a party has the right to do some act or take some proceeding within a prescribed period after service of notice upon that party, three days shall be added to the prescribed period if the notice is served by mail.[8] Tenn. R. Civ. P. 6.05. The notice of Dr. Hassell's deposition was served by mail; therefore, an additional three days is to be added to the computation of time to determine whether Dr. Roy received proper notice.

As Tenn. R. Civ. P. 30.02(1), 6.01 and 6.05 provide, Dr. Roy was entitled to "at least" ten days notice in advance of Dr. Hassell's deposition, excluding the intervening Saturday and Sunday. The Assistant General Counsel placed the notice of the out-of-county deposition in the mail on March 7, 2007. The notice advised that the deposition of Dr. Hassell would occur on March 15, 2007, which was only eight days after the notice was placed in the mail. Therefore, the Department did not provide proper notice to Dr. Roy of Dr. Hassell's deposition.

■ The errors and irregularities with the notice of deposition notwithstanding, Dr. Roy did not have the option to wait until the contested case hearing to object. To the contrary, as the Rules of Civil Procedure direct, "[a]ll irregularities *in the notice* for taking a deposition *are waived unless written objection is promptly served upon the party giving the notice.*" Tenn. R. Civ. P. 32.04(1) (emphasis added). Dr. Roy first read the notice within hours after the deposition occurred on March 15,

2007; yet, instead of promptly asserting a challenge to the admissibility of the deposition, Dr. Roy expressed no objection for seven weeks. In the interim, and instead of stating his objection to the deposition, Dr. Roy requested a continuance on March 21, 2007 in order to obtain counsel and prepare for the hearing. Soon thereafter, Dr. Roy requested the Assistant General Counsel provide a copy of Dr. Hassell's deposition without expressing any objection to the sufficiency of the notice or the admission of the deposition as evidence at the contested case hearing. It was not until May 8, 2007, eight days before the rescheduled hearing, that Dr. Roy mailed to the administrative judge a letter objecting to the admissibility of the deposition that had been taken seven weeks earlier.

■ We acknowledge that Dr. Roy was proceeding as a *pro se* litigant and courts are expected "to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training." *Irvin v. City of Clarksville,* 767 S.W.2d 649, 652 (Tenn.Ct.App. 1989) (citing *Gray v. Stillman White Co.,* 522 A.2d 737, 741 (R.I.1987)). Although the courts "must accommodate the *pro se* litigant's legal naivete" and give deference to the *pro se* litigant, *Irvin,* 767 S.W.2d at 652, courts "must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Young v. Barrow,* 130 S.W.3d 59, 62–63 (Tenn.Ct.App.2003) (citations omitted); *see also Marceaux v. Thompson, et al.,* 212 S.W.3d 263, 267 (Tenn.Ct.App.2006). To that end, courts cannot "excuse pro se litigants from com-

---

7. In this case there was no intermediate holiday to be excluded.

8. As for the three additional days, the Advisory Commission Comment to Tenn. R. Civ. P.

6.05 reads: "Rule 6.05 is included to guard against injustice caused by loss of time required for notice to be delivered through the mails."

plying with the same substantive and procedural rules that represented parties are expected to observe." *Young,* 130 S.W.3d at 63.

Dr. Roy was appropriately afforded deferential treatment by the administrative judge throughout the proceedings before the Board; however, there is a limit to such deference. Dr. Roy was obliged to follow the same substantive and procedural rules as a represented party. He had every opportunity to promptly object to the notice of deposition, but he failed to do so until one week before the rescheduled hearing. By failing to promptly object in writing as Tenn. R. Civ. P. 32.04(1) requires, Dr. Roy waived his right to object. *See Raines v. Shelby Williams Industries, Inc.,* 814 S.W.2d 346, 351 (Tenn.1991) (holding a party had waived his objection where there was "no evidence in the record that the defendant promptly served plaintiff's counsel with a written objection to the technical deficiency of the notice"). We, therefore, affirm the trial court's ruling that. Dr. Roy waived any objections to the defective notice of Dr. Hassell's deposition, and the admissibility of that deposition at the final hearing.

Our affirmation of the trial court on the first issue renders moot Dr. Roy's contention that the introduction of Dr. Hassell's deposition violated his due process rights.

### In Conclusion

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Francis Oscar Roy, M.D.