NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1110n.06

No. 11-6496

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| FRANCIS ROY, M.D., | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | *Oct 26, 2012* |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| STATE OF TENNESSEE; TENNESSEE | ) | THE MIDDLE DISTRICT OF |
| BOARD OF MEDICAL EXAMINERS; | ) | TENNESSEE |
| DAVID HASSELL; NEAL BECKFORD, | ) | |
| MD; DENNIS HIGDON, MD; CHARLES | ) | |
| WHITE, MD, board members both | ) | |
| individually and in their official capacity, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  Francis Roy, M.D., a pro se Tennessee resident, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983.

In July 2007, the Tennessee Board of Medical Examiners revoked Roy's medical license, determining that he had "prescribed addictive narcotics or other controlled drugs to twenty-eight patients without proper documentation and without appropriate clinical indications." *Roy v. Tenn. Bd. of Med. Exam'rs*, 310 S.W.3d 360, 361 (Tenn. Ct. App. 2009).  Roy challenged the revocation in the state trial court; the court affirmed the Board's decision.  The Tennessee Court of Appeals affirmed the trial court's decision and the Tennessee Supreme Court denied Roy permission to appeal.

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

Roy then filed the instant action against the State of Tennessee; the Board; Board members Charles White, Dennis Higdon, and Neal Beckford; and David Hassell, who provided testimony at Roy's revocation hearing, in their individual and official capacities. Roy asserted that the Board's actions violated his due process rights; the Board violated several Tennessee laws, which constituted "negligence per se"; and the appellees committed defamation by posting the revocation of his license on the Board's website. Roy requested damages, reinstatement of his medical license, removal of erroneous information from the Board's website, and for the court to rule that the Board's decision was unenforceable.

The State of Tennessee, the Board, and the Board members filed a joint motion to dismiss the complaint for Roy's failure to state a claim upon which relief could be granted. Hassell also filed a motion to dismiss. Roy filed a response to each motion to dismiss, acknowledging that his claims against the State of Tennessee and the Board were barred by sovereign immunity, but asserting that he stated a claim for relief against the individual defendants. A magistrate judge recommended dismissing the claims against the State of Tennessee and the Board based upon Roy's concession. The magistrate judge further concluded that the motions to dismiss should be granted with respect to the civil rights claims and that the federal court should decline to exercise supplemental jurisdiction over Roy's state-law claims of negligence and defamation.

Having not received any objections from Roy regarding the magistrate judge's recommendation, the district court adopted the magistrate judge's report, granted the motions to dismiss, dismissed Roy's federal claims with prejudice, and dismissed his state-law claims without prejudice. Approximately one week later, Roy filed objections to the magistrate judge's report. The district court reviewed de novo the magistrate judge's report, Roy's objections, and the record. The court determined that nothing in Roy's objections would change its prior order of dismissal. On appeal, Roy asserts that the district court failed to consider his objections to the magistrate judge's report and that his complaint stated valid claims for relief.

Roy's claim that the district court failed to consider his objections to the magistrate judge's report lacks merit. In its order affirming the dismissal, the district court explained that it considered Roy's late objections, but that they did not affect the court's prior order of dismissal. Moreover, Roy's failure to file his objections waived his appeal. *See Vanwinkle v. United States*, 645 F.3d 365, 371 (6th Cir. 2011) (citation omitted). The magistrate judge's report was sent to Roy on October 18, 2011, and he had seventeen days, or until November 4, 2011, in which to file his objections. *See* Fed. R. Civ. P. 6(d) and 72(b)(2). He submitted his objections on November 9, 2011, claiming that he did not receive the report until October 27, 2011, because he only checks his post office box every one to two weeks. Roy's failure to check his mail regularly is not an excusable reason for failing to file timely objections. *See Jamison v. Smith's Food & Drug Ctrs, Inc.*, 279 F. App'x 723, 726 (10th Cir. 2008) (finding that waiver could not be overlooked for plaintiff's failure to timely object to magistrate judge's report because she only checked her post office box twice each month).

Further, this is not a case where "failure to permit appellate review would work a miscarriage of justice," *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (citation omitted), because Roy's claims were properly dismissed. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008)(noting that a district court's dismissal of a complaint for failure to state a claim is reviewed de novo). The State of Tennessee and the Board were properly dismissed upon agreement by the parties. Hassell was properly dismissed because "[i]t is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings." *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) (citation omitted). The claims asserted against the Board members in their official capacities were properly dismissed as barred by the *Rooker-Feldman* doctrine, which precludes federal review of a case that has already been litigated in a state court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414–17 (1923). Specifically, we have enforced the doctrine in challenges to occupational

licensing procedures like those raised by Roy. *See Raymond v. Moyer*, 501 F.3d 548, 554 (6th Cir. 2007)(challenging denial of law license); *McDonald v. Lawhorn*, 98 F. App'x 358, 359 (6th Cir. 2004) (challenging denial of permit to operate taxi). The claims asserted against the Board members in their individual capacities were also properly dismissed on the basis that the Board members were entitled to quasi-judicial immunity for actions taken during Roy's revocation proceedings. *See Watts v. Burkhart*, 978 F.2d 269, 275–76 (6th Cir. 1992). Finally, the district court properly declined to exercise supplemental jurisdiction over Roy's state-law claims of negligence and defamation in the absence of a viable federal claim. *See* 28 U.S.C. § 1367(c)(3); *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012).

The judgment of the district court is affirmed.