IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 17, 2018 Session

## MARGARET SMITH v. HSBC MORTGAGE SERVICES, INC., ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-13-0580-2     Jim Kyle, Chancellor**

---

### No. W2017-00526-COA-R3-CV

---

This appeal arises out of protracted litigation following a foreclosure sale. The plaintiff asserted claims against the mortgage holder and the purchaser at the foreclosure sale for breach of contract, breach of the implied duty of good faith and fair dealing, improper foreclosure, and fraud. The trial court dismissed each of the claims, and the plaintiff appeals. Due to the deficiencies in the plaintiff's brief on appeal, we conclude that she has waived consideration of any issues and hereby dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Margaret L. Smith, Memphis, Tennessee, *Pro se*.

Darrell West, Nashville, Tennessee, for the appellee, HSBC Mortgage Services, Inc.

Bruce Lee Feldbaum and Mark Cantora, Memphis, Tennessee, for the appellee, Gregory Griffin.

### MEMORANDUM OPINION[1]

### I. FACTS & PROCEDURAL HISTORY

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:
> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Plaintiff Margaret Smith filed this lawsuit in chancery court on April 18, 2013. According to Plaintiff's complaint, she purchased a home from her mother with an existing mortgage in 2005. Plaintiff made payments on the mortgage but admittedly experienced financial difficulties and got behind on the mortgage payments. According to the complaint, she negotiated with the mortgage company, HSBC Mortgage Services, and was "advised" in late February 2013 that if she made a payment of about $3,200, the loan would be "reinstated" and foreclosure activities would cease. Plaintiff alleged that she made the payment based on these representations, but HSBC continued with the foreclosure proceeding anyway and sold the property at a foreclosure sale on March 7, 2013. Plaintiff's complaint asserted claims against HSBC and the purchaser at the foreclosure sale, Gregory Griffin, for breach of contract, breach of the duty of good faith and fair dealing, fraudulent misrepresentation, and improper foreclosure. The complaint also stated that Griffin had filed a forcible entry and detainer ("FED") action in general sessions court to have Plaintiff removed from the property. Plaintiff asked the chancery court to enjoin the defendants from proceeding with the pending FED action in general sessions court and from attempting to remove her from the property until this case could be heard on its merits. She sought compensatory and punitive damages.

Griffin filed an answer, a counter-claim against Plaintiff, and a cross-claim against HSBC. HSBC filed an answer. The chancery court entered a preliminary injunction, but it was later dissolved. HSBC filed a motion to dismiss for failure to state a claim. After a hearing, the chancery court entered two orders dismissing all of Plaintiff's claims against HSBC. Plaintiff's claims for breach of contract and breach of the duty of good faith and fair dealing were dismissed with prejudice on the basis that Plaintiff's *mother* entered into the mortgage loan with HSBC, and although Plaintiff had received an interest in the property via quitclaim deed, Plaintiff was never a party to the mortgage or in privity of contract with HSBC. The chancery court entered a second order dismissing the claims for improper foreclosure and/or fraud without prejudice. This order referenced the status of the pending FED action in which Griffin sought to evict Plaintiff from the premises. The general sessions court had ruled in favor of Griffin, and Plaintiff had appealed to circuit court for a trial de novo. According to the second order entered by the chancery court, Plaintiff's attorney informed the chancery court that Plaintiff had filed a third party complaint against HSBC in the pending circuit court appeal. As a result, the chancery court deemed it appropriate to dismiss Plaintiff's claims for improper foreclosure and fraud without prejudice "inasmuch as they are now at issue in the prior suit pending in the Circuit Court."

Although these two orders resolved the claims asserted by Plaintiff against HSBC, they did not resolve the counter-claim and cross-claim asserted by Griffin or Plaintiff's claims against Griffin. Nevertheless, Plaintiff filed a notice of appeal to this Court

seeking to challenge the two orders entered in chancery court. On July 7, 2015, this Court dismissed Plaintiff's appeal of the chancery court action due to the lack of a final judgment. *Smith v. HSBC Mortg. Servs., Inc.*, No. W2014-01070-COA-R3-CV, 2015 WL 4087158, at *1 (Tenn. Ct. App. July 7, 2015). While the appeal was pending, however, the circuit court had also entered an order dismissing (for failure to state a claim) the identical claims asserted by Plaintiff in circuit court in her third party complaint against HSBC. The circuit court's order noted that Plaintiff had filed a separate action in chancery court and that her third party complaint in the circuit court case "asserts claims against HSBC that are identical to the claims asserted in her previously filed Chancery Court lawsuit." However, the circuit court's order also noted that HSBC was not seeking dismissal in circuit court on the basis of res judicata because the chancery court proceeding was not final for purposes of res judicata. Considering the merits of Plaintiff's claims, the circuit court dismissed them for failure to state a claim. The claims for breach of contract and breach of the duty of good faith and fair dealing were deemed barred by the statute of frauds because Plaintiff was seeking to enforce an alleged oral modification of the mortgage agreement regarding the $3,200 payment. The claim for fraudulent misrepresentation, for which she sought to set aside the foreclosure sale, was dismissed based on the circuit court's determination that Plaintiff could not establish a misrepresentation regarding a past or existing fact or knowledge of its falsity. After resolution of the remaining claims in the FED action, Plaintiff filed a second notice of appeal, seeking review of the circuit court's order in this Court. Due to numerous deficiencies in Plaintiff's *pro se* brief on appeal, we dismissed the appeal for failure to comply with the rules of this Court without reaching the merits of the issues. *Griffin v. Smith*, No. W2015-00334-COA-R3-CV, 2016 WL 721045 (Tenn. Ct. App. Feb. 23, 2016).

Meanwhile, back in chancery court, a hearing was held after the dismissal of the first appeal from chancery court (for lack of a final judgment) in order to address the still unresolved counter-claim and cross-claim and Plaintiff's claims against Griffin. Although we do not have a transcript of the hearing, the trial court's written order states that Plaintiff sought the entry of a final judgment so that she could re-file her appeal to this Court to challenge the chancery court's dismissal of her claims in the two orders entered in 2014. The chancery court noted that the claims asserted by Plaintiff in chancery court were "substantively identical" to those asserted in her third party complaint in circuit court and that the circuit court had likewise dismissed all of the claims on a motion to dismiss. Like the circuit court, however, the chancery court did not make any finding or ruling regarding res judicata, noting that (at the time of the hearing) the circuit court's dismissal was still on appeal to this Court. According to the chancery court's order, Plaintiff still wanted to pursue an appeal to this Court of the chancery court rulings and stated that she had "no objection to the Court's dismissal of the foregoing

Unresolved Claims" that were not addressed by the two 2014 chancery court orders: the counter-claim and cross-claim asserted by Griffin, and Plaintiff's claims asserted against Griffin in her original complaint. As a result, the chancery court dismissed the previously unresolved claims and purportedly entered a final judgment. Plaintiff filed yet another notice of appeal. This Court dismissed the appeal without prejudice for failure to comply with Tennessee Rule of Civil Procedure 58. After the chancery court entered an order containing a certificate of service, Plaintiff filed another notice of appeal to this Court.

## II. ISSUES PRESENTED

Plaintiff presents the following issues, which we have slightly restated, for review on appeal:

1. Whether the chancery court erred in dismissing with prejudice Plaintiff's claims against HSBC for breach of the mortgage modification agreement and breach of the duty of good faith and fair dealing;

2. Whether the chancery court erred in dismissing without prejudice Plaintiff's claims against HSBC for improper foreclosure and fraud;

3. Whether the chancery court erred in dismissing Plaintiff's claims against Griffin;

4. Whether the jury trial requested by Plaintiff should be honored and granted;

5. Whether Plaintiff's home should be returned and monetary damages awarded for the years of payments Plaintiff made under the false impression and fraud engaged in by HSBC;

6. Whether additional damages should be granted for physical damages and emotional distress;

7. Whether the costs should be assigned to HSBC and Griffin.

4

In its posture as appellee, HSBC argues that this appeal should be dismissed due to the deficient nature of Plaintiff's brief. Alternatively, HSBC and Griffin argue that res judicata should bar substantive consideration of the same issues that were resolved in the now final circuit court lawsuit. For the following reasons, we hereby dismiss the appeal.

## III. DISCUSSION

Our ability to review the merits of this appeal is hindered by the state of the brief submitted by Plaintiff. Again, the trial court dismissed Plaintiff's contractual claims with prejudice due to the lack of a contractual relationship between Plaintiff and HSBC. It dismissed the claims for fraud and/or improper foreclosure without prejudice due to the pending circuit court action. And, it dismissed Plaintiff's claims against Griffin with "no objection" from Plaintiff in order to render a final and appealable judgment.

Even though Plaintiff raises seven separate issues on appeal, the argument section of her brief consists of only ten sentences, with no citations to authority or the record. Eight of the ten sentences are copied practically verbatim from the argument section of Plaintiff's brief in the appeal of the circuit court's order, which brief this Court deemed deficient, leading to dismissal of that appeal. In its entirety, Plaintiff's argument section states:

> My suit is based on the fact that defendant, HSBC deliberately did not honor and complete their obligation as it relates to the loan modification agreement and purposefully sold my home in a foreclosure sale. Defendant, HSBC actions was wrong, improper, fraudulent, and not in the code of behavior that they list for their company.
>
> Since the foreclosure sale was improper, wrongful, and deliberate, defendant, Greg Griffin as the purchaser is not rightfully entitled to the house, therefore the sale in voidable, and invalid. <u>Mr. Griffin acted improper and wrongful in his attempts to eviction Ms. Smith from her home before the final order was submitted and Mr. Griffin acted in improper and wrongful way in the forced payments attempts placed upon Ms. Smith to remain in her home,</u>
>
> The Court erred in its dismissal of the case against defendant, HSBC Mortgage Services, Inc., concerning breach of the mortgage modification agreement contract, breach of HSBC's duty of good faith, performing an improper foreclosure, and fraud.

> The Court erred in its dismissal of the case against defendant, Gregory Griffin concerning entitlement to the house purchase in the improper foreclosure, improper eviction attempts, and improper forced payments attempts.
>
> The jury trial requested by plaintiff Margaret Smith should be honored and granted.
>
> The Plaintiff home should be returned and monetary awards should be granted to cover the years of payments made by Plaintiff under a deliberate and false picture created and supported by defendant, HSBC.
>
> That additional compensation and damages should be awarded to Plaintiff for undue, unnecessary, stressful, and painful situation and conditions created by the foreclosure and suit.
>
> And the costs assigned to Plaintiff Margaret Smith be assigned to defendants, HSBC Mortgage Services and Gregory Griffin.

The only two sentences that were not included in the argument section from her previous brief are the underlined sentences above pertaining to her claims against Griffin. However, according to the chancery court's order, Plaintiff had no objection to dismissal of those claims so that the judgment would become final and appealable. Plaintiff does not explain why she now asserts that the trial court erred in dismissing those claims.

Briefs submitted to the Tennessee Court of Appeals are governed by Rule 27 of the Tennessee Rules of Appellate Procedure. Rule 27(a)(7)(A) provides that the brief of the appellant must contain an argument section setting forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]" Also, Rule 6 of the Rules of the Court of Appeals of Tennessee requires an appellate brief to contain a "[w]ritten argument in regard to each issue on appeal," with a statement of the alleged erroneous action of the trial court, as well as a specific reference to the record where such action is recorded. The rule further provides,

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

6

Tenn. R. Ct. App. 6(b).

Essentially, Plaintiff argues that the trial court erred in dismissing her case without detailing any particular reason why. She does not discuss the elements of her claims. She does not discuss the reasons why the trial court dismissed her claims or how those rulings were erroneous. She does not provide appropriate citations to the record or to any relevant legal authority regarding the substance of her claims.[2] Plaintiff does little more than restate the issues. As we said when dismissing Plaintiff's previous appeal, "it is difficult to discern the legal basis for Appellant's contention that the trial court erred in its judgment." *Griffin*, 2016 WL 721045, at *5. Aside from mentioning the fact of dismissal, "none of the issues presented address the trial court's dispositive legal rulings with regard to the claims[.]" *Id*. "[T]he burden remains on the appellant to set forth a cogent argument showing where and how the trial court erred in its decision." *Id.* at *6.

"'Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.'"[3] *Forbess v. Forbess*, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) (quoting *Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000)). "'Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed to be waived and will not be considered on appeal.'" *Tellico Village Prop. Owners Ass'n. v. Health Solutions, LLC*, No. E2012-00101-COA-R3-CV, 2013 WL 362815, at *3 (Tenn. Ct. App. Jan. 30, 2013) (quoting *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001)). Appellate courts are "not charged with the responsibility of scouring the appellate record for any reversible error the trial

---

[2]The record on appeal consists of five volumes. Plaintiff's brief contained one arguably proper citation to the appellate record, in the facts section, referencing "Page 3, Paragraph 1" of a memorandum filed by HSBC in the trial court, although she still did not reference where that memorandum could be found in the appellate record.

We note that Plaintiff's brief states, "Thru improper and poor legal representation, important documentations that proved Plaintiff's case and counters Defendant HSBC motions were not presented." Some correspondence with HSBC was attached to Plaintiff's brief. However, from our review of the record, the attached documents were not submitted in the trial court. "We cannot take judicial notice of materials appended to briefs that are not properly part of the record on appeal." *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 714 n.6 (Tenn. 2003). The facts section of Plaintiff's brief also appears to cite to exhibits that were supposedly attached to a "motion to consolidate" that Plaintiff filed with this Court during one of her previous appeals. However, such citations are insufficient for purposes of citing to the appellate record in this appeal.

[3]We note that Plaintiff's brief did contain a standard of review paragraph citing cases, but only for the notion that Rule 12 requires courts to construe the complaint liberally, presume all factual allegations to be true, and give the plaintiff the benefit of all reasonable inferences.

court may have committed." *Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

Although we realize the "legal naivete" of a pro se litigant, we "'must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary.'" *Roy v. Tenn. Bd. of Med. Examiners*, 310 S.W.3d 360, 365 (Tenn. Ct. App. 2009) (quoting *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003)). "[W]e must not allow him an unfair advantage because he represents himself." *Frazier v. Campbell*, No. W2006-00031-COA-R3-CV, 2006 WL 2506706, at *3 (Tenn. Ct. App. Aug. 31, 2006) (citing *Irvin v. City of Clarksville*, 767 S.W.2d 649, 651-52 (Tenn. Ct. App. 1989)). "Pro se litigants who invoke the complex and technical procedures of the courts assume a very heavy burden." *Irvin*, 767 S.W.2d at 652. They are entitled to fair and equal treatment, but they must follow the same substantive and procedural requirements as a represented party, and they may not shift the burden of litigating their case to the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000).

"[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." *Bean*, 40 S.W.3d at 54-55 (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 156 Tenn. 349, 1 S.W.2d 781 (1928)). Plaintiff's brief fails to comply with the rules of this Court regarding the content of briefs. We therefore decline to examine the merits of any issues on appeal.

## V. CONCLUSION

For the aforementioned reasons, the appeal is hereby dismissed. Costs of this appeal are taxed to the appellant, Margaret Smith. Because Margaret Smith is proceeding *in forma pauperis* in this appeal, execution may issue for costs if necessary.

_____
BRANDON O. GIBSON, JUDGE